IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jessica Cook,<br><br>    Plaintiffs,<br><br>vs.<br><br>The J.M. Smucker Company and Target Corporation,<br>    Defendants. | CIVIL ACTION NO. 0:23-cv-00242-MGL |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants The J.M. Smucker Company("Smucker") and Target Corporation ("Target"), by and through their undersigned counsel, hereby give notice of removal of this action from the State Court of South Carolina, County of York, In the Court of Common Pleas for the Sixteenth Judicial Circuit, styled and numbered *Jessica Cook v. The J.M. Smucker Company and Target Corporation,* Case No.: 2022CP4603728.  As set forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Smucker and Target satisfied the procedural requirements for removal under

28 U.S.C. § 1446, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support of removal, Smucker and Target aver:

## THE STATE COURT ACTION

1. Plaintiff, Jessica Cook, commenced this action against Smucker and Target in the State Court of South Carolina, County of York, Court of Common Pleas for the Sixteenth Judicial Circuit via a Complaint filed on December 13, 2022. Exhibit "A." The Complaint bears Case No.: 2022CP4603728. *See Id.* at ¶ 1

2. Smucker and Target were served with the Complaint on December 22, 2022 and December 19, 2022, respectively. *See* Exhibit "B."

3. The Complaint arises out of injuries allegedly sustained by Plaintiff as a result of her alleged consumption of Jif brand peanut butter. *See* Exhibit "A" at ¶ 7.

4. Specifically, Plaintiff alleges that she suffered from symptoms of a Salmonella infection, and was diagnosed with a Salmonella infection and prescribed medications to treat her condition. *Id.* at ¶ 11-12. She also alleges that she sought medical treatment for her symptoms on at least four occasions. *Id.* at ¶ 12, 14, 15 and 16.

5. Plaintiff further alleges that her symptoms persisted for months and that she was bedridden for a significant portion of that time and was unable to regularly consume food. *Id.* at ¶ 17. Plaintiff also claims that her alleged injuries caused her

to withdraw from her college studies despite having paid for tuition, and to quit her part-time job at Home Depot, which resulted in lost wages, lost opportunities, and other major life disruptions. *Id.* at ¶ 18-19.

6. Plaintiff asserts two claims against Defendants; the first sounding in negligence and the second sounding in strict liability. *See generally* Exhibit "A."

## DIVERSITY JURISDICTION

7. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . (1) citizens of different States."

8. This action satisfies the complete diversity of citizenship requirements of 28 U.S.C. § 1332(a)(1).

9. The Complaint declares that Plaintiff is a resident and citizen of the State of South Carolina. *Id.* at ¶ 1.

10. A corporation is a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c).

11. At all relevant times, Smucker was and is an Ohio corporation with its principal place of business in Ohio.

12. Therefore, for diversity purposes, Smucker is a citizen of Ohio.

3

13. At all relevant times, Target was and is a Minnesota corporation with its principal place of business in Minnesota.

14. Therefore, for diversity purposes, Target is a citizen of Minnesota.

15. Complete diversity exists because Plaintiff is a citizen of South Carolina and Smucker and Target are citizens of Ohio and Minnesota, respectively.

16. This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

17. Based on Plaintiff's allegations of her injuries and damages in the Complaint, it is believed, and therefore averred, that the amount in controversy exceeds $75,000, exclusive of interests and costs.

18. Accordingly, the United States District Court for the District of South Carolina has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## **REMOVAL JURISDICTION**

19. This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

20. Under section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Section 1441(b) further provides that "[a] civil action otherwise

removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* at § 1441(b)(2).

21. Plaintiffs filed this action in the State Court of South Carolina, County of York, Court of Common Pleas for the Sixteenth Judicial Circuit. The District of South Carolina is the judicial district embracing York County, the place where the state action was brought, and therefore, is the proper district to which this case should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

22. Under § 1446(b), the notice of removal shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. *See* 28 U.S.C. § 1446(b).

23. Smucker and Target were served with the Complaint on December 22, 2022 and December 19, 2022, respectively, and are filing this Notice of Removal within thirty (30) days of service of the Complaint pursuant to 28 U.S.C. § 1446(b). Therefore, this removal is timely because thirty (30) days have not elapsed from the date of service of the Complaint.

24. Further, pursuant to § 1446(a), Defendants are simultaneously filing with this Notice of Removal copies of all process, pleadings, and orders of every kind existing on file in the State Court of South Carolina, County of York, Court of

Common Pleas for the Sixteenth Judicial Circuit in this removed action. *See* Complaint, Summons, and Subpoena, attached hereto.

25. Additionally, Defendants are filing a copy of this Notice of Removal with the State Court of South Carolina, County of York, Court of Common Pleas for the Sixteenth Judicial Circuit. *See* 28 U.S.C. § 1446(d).

26. Defendants reserve their respective rights to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendants hereby remove this action now pending against them in the State Court of South Carolina, County of York, Court of Common Pleas for the Sixteenth Judicial Circuit to the United States District Court for the District of South Carolina.

        Respectfully Submitted,

        COZEN O'CONNOR

By: */s/ Dakota E. Knehans*
Dakota E. Knehans
SC District Court Bar No. 13756
The Promenade
1230 Peachtree Street, NE
Suite 400
Atlanta, GA 30309
(404) 572-2000
dknehans@cozen.com
*Attorney for Defendants*

Dated: January 18, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the following counsel via regular U.S. mail, postage pre-paid on January 18, 2023 on:

> Andrew Hand
> Richard A. Harpootlian, P.A.
> 1410 Laurel Street
> P.O. Box 1090 (29202)
> Columbia, SC 29201
> *Attorneys for Plaintiff*

By: *s/ Dakota E. Knehans*
     Dakota E. Knehans